IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHRISTOPHER A. TERAS,<br>CHRISTOPHER A. TERAS, P.C., and<br>WORLDWIDE PERSONNEL, INC.<br><br>Plaintiff,<br><br>v.<br><br>JINHEE KIM WILDE, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 8:14-cv-244-DKC<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT WILDE'S FIRST SET OF INTERROGATORIES
### TO PLAINTIFF CHRISTOPHER A. TERAS

Defendant Jinhee Wilde, by counsel, and pursuant to Fed. R. Civ. P. 26 and 33, hereby requests that plaintiff Christopher A. Teras answer the following interrogatories, in writing and under oath, within thirty days after service of these requests. These requests are continuing in nature and impose upon defendant the obligation to provide supplemental responses.

### Definitions and Instructions

1.      As used herein, "Teras," "you," and "yours" shall refer to plaintiff Christopher A. Teras, along with his employees, attorneys, agents, representatives and any other persons or entities acting on his behalf or under his control.

2.      As used herein, "CATPC" shall refer to plaintiff Christopher A. Teras, P.C. along with its employees, officers, managers, directors, shareholders, principals, and its attorneys, agents, representatives and any other persons or entities acting on behalf or under the control of it.

3.      As used herein, "Worldwide" and "WWP" shall refer to plaintiff Worldwide Personnel, Inc. along with its employees, officers, managers, directors, shareholders, principals,



and its attorneys, agents, representatives and any other persons or entities acting on behalf or under the control of it.

4. As used herein, "plaintiffs," shall refer to plaintiffs Teras, CATPC, and WWP, jointly and severally.

5. When a corporation or other juristic entity is referred to herein, said reference shall be construed to include all predecessors and successors in interest, affiliates, parents, subsidiaries, agents, representatives, departments, divisions or subsidiaries of any of the foregoing, whether in the past or present, and all present and former directors, officers, representatives, employees, attorneys, agents and any other persons or entities acting on its behalf or under its control.

6. As used herein, "document" shall mean, without limitation, any handwritten, printed, typed, telefaxed, telexed, photographed, recorded or graphic matter, as well as all electronically stored information, including without limitation all computer e-mails, data files, website pages, tapes, disks, inputs or outputs, and other computer-readable records or programs, of any nature whatsoever, including the original, all drafts, all preparatory work sheets, and all non-identical copies, including, without limitation, all letters, correspondence, telegrams, teletypes, cables, telex messages, faxes, electronic mail ("e-mail") and voice mail transmissions, agreements, contracts, studies, reports, memoranda, transcripts of telephone and other conversations and communications, handwritten or printed notes, minutes, inter- or intra-office communications, revisions, resolutions, journal entries, office diaries, work papers, summaries, opinions, analyses, evaluations, agendas, bulletins, books, checks, statements, accounts, budgets, audits, financial statements, audio or visual recordings, lists or tabulations to which defendant Worldwide has had or has access or that are now in its possession, custody or control.

7. As used herein, "communications" shall mean the transmittal or receipt of information in the form of facts, ideas, inquiries or otherwise.

8. As used herein, the word "regarding" shall mean in whole or in part, and directly or indirectly: referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, regarding, concerning, supporting, constituting, received by, prepared by or written by.

9. Any word written herein in the singular shall be construed as plural or vice versa as necessary in order to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

10. As used herein, "person," as well as pronouns referring thereto, shall include juristic persons as well as natural persons.

11. The term "date" shall mean the exact day, month and year, if ascertainable; if not ascertainable, the term means the closest approximation that can be made by means of relationship to other events, locations or matters.

12. As used herein, "identify" means:

(a) when used in reference to a corporation or other entity, to state the full legal name of the entity, the type of entity (*e.g.*, corporation, partnership) and the present or last known address and telephone number of the entity's principal place of business.

(b) when used in reference to a natural person, to state the person's name, present (or if unknown, last known) business and home address and telephone number, and present (or if unknown, last known) place of employment.

(c) when used in reference to a document, means to state the document's author and addressee, its present location and the identity of its custodian, and to provide a brief description of its subject matter.

13. If you consider any term in any request to be vague or capable of more than one meaning, identify the meaning you are ascribing to such term, then answer the request as construed with such word given such meaning.

14. Each interrogatory should be construed independently. No interrogatory should be construed by reference to any other interrogatory for the purpose of limiting the scope of response to such request.

16. In the event that any document or thing requested cannot be provided because it has been lost, destroyed or otherwise made unavailable, identify that document or thing as completely as possible by stating the document's author, date, subject matter, approximate date of loss or destruction and, if destroyed, the identity of the person responsible for the document's destruction and the reason for such destruction.

17. These interrogatories are continuing and require supplemental responses. If any information that is within the scope of an interrogatory and is not now known or available becomes known or available at some future time, you shall forthwith so notify counsel for plaintiff and provide a further response setting forth such information.

## INTERROGATORIES

### INTERROGATORY 1:

Identify all persons with knowledge of the facts and circumstances alleged in the Complaint, and in the Answer and Counterclaim, describing for each the nature of such knowledge.

**INTERROGATORY 2:**

Identify all persons who provided information used in responding to these interrogatories, identifying for each the interrogatory in response to which such information was provided and describing that information.

**INTERROGATORY 3:**

Identify all recruiters or foreign workers with whom you have had any agreement, to whom you have provided any services, or for whose benefit you have provided any services, including in your answer a detailed description of all such agreements or services, and an identification of all communications between you and such recruiter or foreign worker.

**INTERROGATORY 4:**

Identify all United States-based employers or prospective employers of foreign workers with whom you have had a business relationship, including in your answer a detailed description of that relationship, including without limitation describing all communications between you and such employer, all agreements with such employers and all services provided to such employers.

**INTERROGATORY 5:**

Describe in detail all agreements between you and any one or more of CATPC, Worldwide, or Teras & Wilde.

**INTERROGATORY 6:**

Describe all steps taken in the handling of the identity of foreign workers, including identifying all disclosures of those identities and all steps taken to preserve the confidentiality of identity of foreign workers.

**INTERROGATORY 7:**

State the factual basis for the allegation in paragraph 39 of the Complaint that Wilde induced foreign recruiters to terminate their agreements with Worldwide.

**INTERROGATORY 8:**

Identify all notifications from recruiters or foreign workers that they were terminating their relationship with any one or more of plaintiffs.

**INTERROGATORY 9:**

Describe in detail all services provided by Worldwide to any recruiter or foreign worker.

**INTERROGATORY 10:**

Identify all employees of yours, during all times you contend are relevant to the Complaint.

Dated: May 27, 2015

Respectfully submitted,

/s/ K. B. Bedell

Kevin B. Bedell (Bar No. 15513)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339
E-mail: bedellk@gtlaw.com

*Counsel for Defendant Jinhee Wilde*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May, 2015, I caused a copy of the foregoing Defendant Wilde's First Set of Interrogatories to Plaintiff Christopher A. Teras to be served by first-class postage pre-paid U.S. Mail and by electronic mail to:

>James R. Hammerschmidt
>jhammerschmidt@paleyrothman.com
>D. Jack Blum
>jblum@paleyrothman.com
>Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered
>4800 Hampden Lane, 7th Floor
>Bethesda, Maryland 20814
>Tel: (301) 656-7603

*Counsel for Plaintiffs Christopher A. Teras, Christopher A. Teras, P.C., and Worldwide Personnel, Inc.*

/s/ K. B. Bedell

Kevin B. Bedell (Bar No. 15513)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339
E-mail: bedellk@gtlaw.com

*Counsel for Defendants Jinhee Wilde and Wilde & Associates, LLC*

TCO 361336798v1